UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

LEO PAOLINO-MELENDE a/k/a JUAN CARLOS PEREZ,
                    Defendant.

------------------------------------X

08 Cr. 176-01 (RWS)

SENTENCING OPINION



**Sweet, D.J.**

On April 28, 2008, Leo Paulino-Melende ("Paulino-Melende" or "Defendant") appeared before this Court and pled guilty to one count of illegal re-entry following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). For the reasons set forth below, Paulino-Melende will be sentenced to 57 months' imprisonment and 3 years' supervised release. Paulino-Melende also will be required to pay a special assessment of $100.

**Prior Proceedings**

Indictment 08 cr 176 (RWS) was filed in the Southern District of New York on March 3, 2008. Count I charges that from March 2007 through January 2, 2008, in the Southern District of

1

New York and elsewhere, Leo Paulino-Melende, a/k/a "Juan Carlo Perez," "Leo Paulino," "Juan Morel," "Amauris Porter," being an alien, was found in the United States after having been deported from the United States subsequent to a conviction on October 6, 1997, for criminal sale of a controlled substance, an aggravated felony, in New York County Supreme Court, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

On April 28, 2008, Paulino-Melende appeared before this Court and pleaded guilty to Count I without the benefit of a plea agreement.

The Government has presented its position on the application of the U.S. Sentencing Guidelines in a <u>Pimintel</u> letter, as follows:

- the applicable guideline is §2L1.2 which designates a base offense level of eight;

- pursuant to §2L1.2(b)(1)(A)(i), since the Defendant was previously deported subsequent to a conviction for a felony drug trafficking offense, a 16-level increase is applicable;

- pursuant to §3E1.1(a) and (b), since the defendant pled guilty in a timely manner, a three-level reduction for acceptance of responsibility is applicable;

- the Defendant's Criminal History Category is IV;

2

> - based on the aforementioned calculations, the total offense level is 21, the guideline range for imprisonment is 57 to 71 months, and the fine range is $7,500 to $75,000.

Sentencing is scheduled for October 7, 2008.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. As the Supreme Court explained in Gall v. United States, 128 S.Ct. 586 (2007):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented.

Id. at 596 (internal citation and footnote omitted). Thus, in addition to analysis of the Guidelines, the sentence imposed here results from consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed-
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for-
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all

4

the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Paulino-Melende's personal and family history.

**The Offense Conduct**

The following description draws on the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

Paulino-Melende is a citizen of the Dominican Republic. He never has been a citizen of the United States.

On October 6, 1997, Paulino-Melende was convicted in the Supreme Court of New York, Bronx County, of Criminal Sale of a Controlled Substance in the Third Degree, a felony. When Paulino-Melende was arrested, it was under the name "Juan Morel."

On March 20, 1999, Paulino-Melende was deported from the United States. He later re-entered the United States and was arrested in October 2005.

On December 5, 2005, Paulino-Melende was deported from the United States for the second time. He later re-entered the United States and on January 2, 2008, was arrested in Manhattan by local law enforcement authorities. On January 3, 2008, the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") was notified that an individual, arrested at that time under the name "Juan Carlo Perez" had previously been fingerprinted.

On February 26, 2008, a fingerprint specialist employed by ICE determined that the individual arrested on January 2, 2008, under the name Juan Carlo Perez was the same individual

known as Leo Paulino-Melende who, on December 5, 2005, had been deported to the Dominican Republic.

Paulino-Melende never applied for permission to re-enter the United States and never was granted permission to re-enter the United States.

On March 3, 2008, Paulino-Melende was transferred to federal custody.

**The Relevant Statutory Provisions**

The maximum statutory sentence for violation of 8 U.S.C. § 1326(b)(2) is 20 years imprisonment. Count I therefore constitutes a Class C felony, pursuant to 18 U.S.C. § 3559(a)(3). There is no applicable statutory minimum sentence.

The Court may also impose a term of supervised release of up to three years, pursuant to 18 U.S.C. § 3583(b)(2).

The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

Paulino-Melende is eligible for not less than one and no more than five years' probation, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the conditions outlined in 18 U.S.C. § 3563(b) must be imposed as a condition of probation, pursuant to 18 U.S.C. § 3563(a)(2).

**The Guidelines**

The May 1, 2008 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).

The guideline for a violation of 8 U.S.C. § 1326(a) and (b)(2) is found in §2L1.2(a), and designates a base offense level of eight.

Since Paulino-Melende was previously deported subsequent to a conviction for a felony drug trafficking offense which resulted in a sentence of more than 13 months, pursuant to §2L1.2(b)(1)(A), a 16-level increase is applicable.

Defendant has shown recognition of responsibility for the offense. Because of his timely notification of his intention to plead guilty, thus allowing the Government to allocate its

8

resources more efficiently, and because the aforementioned base offense level is 16 or greater, pursuant to §3E1.1(a) and (b) the offense level is reduced by three.

Accordingly, the applicable offense level is 21.

On March 18, 1996, Paulino-Melende was arrested for Criminal Sale of a Controlled Substance in the Third Degree. On October 6, 1997, he was sentenced to 1 to 3 years custody. Pursuant to §4A1.1(a), this conviction warrants 3 criminal history points.

On May 6, 1996, Paulino-Melende was arrested for Criminal Sale of a Controlled Substance in the Third Degree. He was sentenced on October 6, 1997, to 1 to 3 years custody. This appears to be a concurrent sentence entered at the same time as the sentence discussed in the previous paragraph. Pursuant to §4A1.2(a)(2), if the defendant was arrested for the first offense prior to committing the second offense, the offenses are treated as two separate crimes for the purpose of calculating criminal history points. The PSR does not indicate whether that is the case here. However, the Government represents that this sentence was imposed for an offense that was separated by an intervening arrest from the offense for which the sentence in the preceding

9

paragraph was imposed. In reliance on that representation, 3 criminal history points are added.

On October 27, 2005, Paulino-Melende was arrested for Criminal Sale of Marihuana in the Fourth Degree, and on October 28, 2005, was sentenced to 20 days' custody and a suspended license. Pursuant to §4A1.1(c), this conviction warrants 1 criminal history point.

On January 2, 2008, Paulino-Melende was arrested for Criminal Sale of Marihuana in the Fourth Degree, and on January 8, 2008, was sentenced to 10 days' custody and a suspended license. Pursuant to §4A1.1(c), this conviction warrants 1 criminal history point.

A total of eight criminal history points establishes a Criminal History Category of IV, pursuant to the table at Chapter 5, Part A of the Sentencing Guidelines.

Based on a total offense level of 21 and a Criminal History Category of IV, the Guidelines range for imprisonment is 57 to 71 months.

The Guidelines range for a term of supervised release

is at least two, but not more than three years, pursuant to §5D1.2(a)(2).

Because the applicable guideline range is in Zone D of the Sentencing Table, Paulino-Melende is not eligible for probation, pursuant to §5B1.1, application note 2.

The fine range for the instant offense is from $7,500 to $75,000, pursuant to §5E1.2(c)(1) and (c)(2). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release imposed, pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,076.83 to be used for imprisonment, a monthly cost of $301.80 for supervision, and a monthly cost of $1,905.92 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance

with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, it is hereby determined that a sentence within the Guidelines framework is warranted.

**The Sentence**

For the instant offenses, Paulino-Melende will be sentenced to 57 months' imprisonment and a three-year term of supervised release.

Paulino-Melende is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence a three-year term of supervised release. It is recommended that Paulino-Melende be supervised by the district of his residence.

As mandatory conditions of his supervised release, Paulino-Melende shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) refrain from any unlawful use of a controlled substance, and shall submit to one drug testing within fifteen (15) days of placement on supervised release and at least two unscheduled drug tests

12

thereafter, as directed by the probation officer; and (5) cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special condition that Paulino-Melende shall cooperate with all inquiries and directives of the Immigration and Customs Enforcement and comply with this country's immigration laws.

The fine in this case is waived. However, a special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for October 7, 2008.

It is so ordered.

**New York, NY**
**October 7 , 2008**

ROBERT W. SWEET
U.S.D.J.

13